# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 1812013426A&B |
| | ) | |
| JAVAGHN D. WAPLES | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: December 20, 2024
Decided: February17, 2025

*Upon Consideration of Defendant's Motion to Correct an Illegal Sentence,*
**DENIED.**

Haley King, Deputy Attorney General, Department of Justice, Georgetown, Delaware, *Attorneys for the State of Delaware.*

Javaghn Waples, *Pro Se.*

**CONNER, J.**

This 17th day of February, 2025, upon consideration of Defendant Javaghn D. Waples's Motion for Correction of an Illegal Sentence, subsequently clarified upon request in a filing titled "Motion to Amend," and the State's response, it appears to the Court that:

(1) On December 25, 2018, Waples shot his girlfriend. On the same day he was arrested and charged with Attempted Murder First Degree, Possession of a Firearm By a Person Prohibited (PFBPP), Reckless Endangering First Degree, and other related charges. The case was severed into two cases, 1812003426B for PFBPP and 1812003426A for the remaining charges.

(2) On January 28, 2020, Waples was found guilty by a jury on the charge of PFBPP. On August 27, 2021, Waples plead guilty to Reckless Endangering First Degree and all remaining charges were *nolle prossed*.

(3) On November 12, 2021, Waples was declared an habitual offender pursuant to 11 *Del. C.* § 4212(b) and was sentenced on both of the severed cases to serve a total of nine years of Level V incarceration followed by decreasing levels of supervised custody. Only the Possession of a Firearm By a Person Prohibited sentence was enhanced pursuant to 11 *Del. C.* § 4212(b).

(4) On November 19, 2021, Waples filed an amended notice of appeal on grounds that the State violated his constitutional rights under *Batson v. Kentucky* by striking the only black jury member allegedly because of her race. Although this

appeal was filed prematurely,[1] it eventually resulted in a hearing where the Delaware Superior Court found, and the Delaware Supreme Court affirmed, that no *Batson* violation had occurred.[2]

(5)     On October 7, 2024, Waples filed this Motion for Correction of an Illegal Sentence.  On October 14, 2024, the Court rejected the motion for lack of specificity and asked Waples to clarify which prior felony he was challenging.  On October 28, 2024, Waples filed a "Motion to Amend."  The State filed its response on December 20, 2024.

(6)     In the motion, Waples challenges this Court's finding that he is an habitual offender pursuant to 11 *Del. C.* § 4212(b).  Specifically, Waples argues that the enactment of the Ned Carpenter Act, 78 Del. Laws ch. 13, eliminated the offense of Maintaining a Vehicle For Keeping a Controlled Substance, and thus it was not a felony as defined by 11 *Del. C.* § 4201(c) at the time of his sentencing.[3]  Waples also discusses how many years ago each of these felonies were and that one of the offenses was nonviolent.

(7)     11 *Del. C.* § 4212(b) provides that a person who has been three times convicted of a felony under the laws of this State and who is thereafter convicted of

---

[1] *Waples v. State*, 245 A.3d 516 (Table) (Del. 2021).
[2] *Waples v. State*, 297 A.3d 287 (Table) at *3 (Del. 2023).
[3] *See* 78 Del. Laws ch. 13 § 46(v) (striking 11 *Del. C.* § 4755(a)(5), which included Maintaining a Vehicle, in its entirety).

a subsequent Title 11 violent felony shall receive a minimum sentence of half the statutory maximum penalty provided elsewhere in Title 11.[4]

(8)　11 *Del. C.* § 211(a) sets forth that the repeal of any statute defining a criminal offense shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability unless the repealing act expressly provides same.[5]  If not, the statute "shall be treated as remaining in full force and effect."[6]

(9)　The Ned Carpenter Act expressly states that "[p]rosecution for any violation of law occurring prior to the effective date of any amendment to this Chapter is not affected or abated by any amendment to this Chapter."[7]  Relying upon this language, courts have routinely rejected attempts to overcome a declaration of habitual offender under 11 *Del. C.* § 4214 that rely on the Ned Carpenter Act.[8]  The Delaware Supreme Court in *Garnett v. State* considered Garnett's challenge to his sentencing for a PFBPP charge by saying that the Ned Carpenter Act made his predicate offense of Maintaining a Vehicle For Keeping a Controlled Substance no longer a felony, and thus he was not a habitual offender.[9]  Following the holding in *Ayala v. State*, the Delaware Supreme Court rejected Garnett's argument, finding

---

[4] *See* 11 *Del. C.* § 4212(b).
[5] 11 *Del. C.* § 211(a).
[6] *Id.*
[7] *See* 78 Del. Laws ch. 13 § 66.
[8] *See e.g.*, *Ayala v. State*, 204 A.3d 829, 838–39 (Del. 2019); *Garnett v. State*, 277 A.3d 937 (Table) at *2–3 (Del. 2022); *Teel v. State*, 304 A.3d 567 (Table) at *2 (Del. 2022).
[9] *Garnett v. State*, 277 A.3d 937 (Table) at *3 & n.13 (Del. 2022).

"[Garnett] had been convicted of felonies on three separate occasions before the offense at issue in this case. Thus, he was subject to sentencing under the version of Section 4214(a) that was in effect at the time of his crime that is subject of this appeal."[10]

(10) This case is identical to *Garnett*. Waples does not argue that he had been convicted of three prior felonies. Waples cannot rely on the Ned Carpenter Act to argue Maintaining a Vehicle For Keeping a Controlled Substance was not a predicate felony at the time of his sentencing on November 12, 2021.

(11) Waples' remaining arguments, highlighting the number of years that had passed since his prior convictions and arguing Maintaining a Vehicle For Keeping a Controlled Substance was a nonviolent felony, do not hold any merit. There is no time-limits set for offenses to count under 11 *Del. C.* § 4214(b). Furthermore, it does not matter whether the three predicate felonies were violent or non-violent in determining a habitual offender under 11 *Del. C.* § 4214(b).

For the reasons stated above, the Court **DENIES** Defendant's Motion for Correction of an Illegal Sentence.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

---

[10] *Id.* at *3

xc: Prothonotary